FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

05 SEP 27 AM 10: 26

CLERK-ALBUQUERQUE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>R W W ENTERPRISES, INC. d/b/a  )<br>SONIC DRIVE-IN,  )<br>)<br>Defendant,  )<br>_____ ) | CIV- 0 5 - 1 0 3 3   ACT RLP<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female (pregnancy) and to provide appropriate relief to Chelsea Correa Sink and a class of females, including Crystal Berumen, who were adversely affected by such practices. The Commission alleges that Defendants failed or refused to hire Ms. Correa Sink and class of women, including, at least Ms. Berumen for Car Hop positions because of their sex, female, and their pregnancies. The Commission further alleges that Defendants effectively discharged and/or rescinded a job offer to Ms. Correa Sink because of her sex, female, and her pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant R W W Enterprises, Inc., (the "Employer"), has continuously been an Oklahoma Corporation doing business in the State of New Mexico and the City of Albuquerque as Sonic Drive-In, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Chelsea Correa Sink filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 2004, Defendant has engaged in unlawful employment

2

practices at their Albuquerque Sonic Drive-In facility, in violation of Sections 701(k) and 703(a) of Title VII, 42 U.S.C. §§ 2000e-(k) and 2000e-2(a). These unlawful employment practices include:

    A.    failing or refusing to hire Chelsea Correa Sink and a class of females, including Crystal Berumen, for Car Hop positions because of their sex, female (pregnancy); and

    B.    discharging and/or rescinding a job offer to Chelsea Correa Sink because of her sex, female (pregnancy).

8.    The effect of the practices complained in paragraph 7 of above has been to deprive Chelsea Correa Sink and a class of females of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their sex, female (pregnancy).

9.    The unlawful employment practices complained of in paragraph 7 above were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above were done with malice and/or reckless indifference to the federally protected rights of Chelsea Correa Sink and a class of females, including Crystal Berumen.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices which deny employment opportunities to persons on the basis of sex or pregnancy, including the failure to hire pregnant women because of their sex or pregnancy and any other

3

employment practice which discriminates on the basis of sex or pregnancy.

B.   Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make whole Chelsea Correa Sink and a class of females, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring or front pay for Chelsea Correa Sink and a class of females, including Crystal Berumen.

D.   Order Defendant to make whole Chelsea Correa Sink and a class of females, including Crystal Berumen, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 7 above, including job search expenses, in amounts to be determined at trial.

E.   Order Defendant to make whole Chelsea Correa Sink and a class of females, including Crystal Berumen, who were adversely affected by the unlawful employment practices described above, by providing compensation for past and future nonpecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial.

F.   Order Defendant to pay Chelsea Correa Sink and a class of females, including Crystal Berumen, punitive damages for its malicious and/or reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs in this action.

<div align="center">JURY TRIAL DEMANDED</div>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 27th day of September, 2005.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, NW
Washington, D.C. 20507

MARY JO O'NEILL
Regional Attorney

C. EMANUEL SMITH
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave.
Suite 690
Phoenix, Arizona 85012

5

*[signature: Loretta Medina]*
LORETTA MEDINA
Senior Trial Attorney

VERONICA A. MOLINA
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102
(505) 248-5230

Attorneys for Plaintiff